**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 26-cv-01733-RMR

EILER DAVID MARTINEZ-CAICEDO,

    Petitioner,

v.

FACILITY ADMINISTRATOR, Denver Contract Detention Facility,

    Respondent.

---

**ORDER**

---

This matter is before the Court on Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") (ECF No. 1) filed April 23, 2026. Petitioner is detained by Immigration and Customs Enforcement ("ICE") at the Denver Contract Detention Facility ("Denver CDF") in Aurora, Colorado. Petitioner seeks immediate release or an individualized hearing before an immigration judge, arguing that his detention violates his due process rights under the Fifth Amendment of the United States Constitution.[1] For the reasons stated below, the Petition is granted.

### I. BACKGROUND

Petitioner is a native and citizen of Columbia. ECF No. 13-1 at 2, ¶ 4. On March 4, 2023, border patrol agents apprehended Petitioner at or near El Paso, Texas. *Id.* ¶ 5.

---

[1] On April 27, 2026, the Court issued an amended order directing Respondent to show cause why the Petition should not be granted. On May 4, 2026, Respondent filed a Response to the Petition and Amended Order to Show Cause (ECF No. 13). Petitioner has not filed a reply despite being given an opportunity to do so.

Petitioner was never inspected and admitted or paroled into the United States and he was processed for expedited removal. *Id.* ¶¶ 5, 7. On March 13, 2023, Petitioner was transferred to ICE custody. *Id.* ¶ 8. Petitioner claimed fear of persecution in Columbia and was referred to United States Citizenship and Immigration Services ("USCIS") for a credible fear interview by an asylum officer. *Id.* ¶¶ 6, 9.

On March 26, 2023, ICE issued an Interim Notice Authorizing Parole and Petitioner was granted parole for one year, at which time parole would end unless ICE extended it. *Id.* ¶ 10. ICE did not extend Petitioner's release on parole and on March 26, 2024, his release on parole expired. *Id.* ¶¶ 12, 13. On April 26, 2023, Petitioner was enrolled in ICE's Alternatives to Detention ("ATD") program. *Id.* at 3, ¶ 14. As part of his enrollment, Petitioner was required to submit to GPS monitoring and be fitted with a GPS device. *Id.* That same day, the Department of Homeland Security ("DHS") issued a Notice to Appear and initiated removal proceedings before the Executive Office of Immigration Review ("EOIR"). *Id.* ¶ 15. On September 11, 2023, Petitioner filed an application for relief from removal with EOIR. *Id.* ¶ 16. Later, on August 14, 2024, Petitioner filed written pleadings with EOIR, admitting the allegations and conceding removability as charged in the Notice to Appear. *Id.* ¶ 17.

Respondent asserts that Petitioner accrued numerous violations while enrolled in the ATD program, including sixty-two low battery alerts, ten missed biometric check-ins, twelve missed tracker callbacks, two missed self-report check-ins, a failed residence verification, and a failed biometric match. *Id.* at 3-4, ¶ 18. According to Respondent, Petitioner was arrested by ICE based on his multiple ATD violations, and his enrollment

in ATD was terminated. *Id.* at 4, ¶ 19. Petitioner argues he was detained by ICE during a routine, in-person appointment and that his alleged violations were not based on willful noncompliance but circumstances beyond his control. ECF No. 1 at 3. Petitioner's removal proceedings remain pending before EOIR, and his case was set for an individual hearing on the merits of his application on May 14, 2026. ECF No. 13-1 at 4, ¶ 21.

Petitioner asserts two claims: (1) that his right to due process under the Fifth Amendment was violated because he was not given notice or an opportunity to respond to the alleged ATD violations before he was detained; and (2) that his detention is fundamentally unfair, arbitrary, unjustified, and excessive because any alleged ATD violations were not willful and may have resulted from technical malfunctions beyond his control. Petitioner indicates he appeared before the Immigration Court on April 2, 2026, but he contends the Immigration Court did not provide an adequate or timely mechanism to resolve the constitutional issues related to his detention. As relief he seeks immediate release from custody or, in the alternative, release under reasonable conditions of supervision or an individualized hearing before an Immigration Judge.

## II. LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time,

3

is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

### III. ANALYSIS

Respondent first argues that Petitioner's challenges to its discretionary decision to release him via the ATD program and to terminate that release "are not judicially reviewable under 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1226(e)." ECF No. 13 at 4. Indeed, this Court lacks jurisdiction to consider Respondent's "decision to terminate petitioner's participation in the ATD program and re-detain petitioner." *Hidalgo Anazco v. Baltazar*, No. 26-CV-01133-PAB, 2026 WL 1004485, at *4 (D. Colo. Apr. 14, 2026).

Next, Respondent contends Petitioner is not entitled to release, because he has not shown a due process violation. ECF No. 13 at 6. According to Respondent, Petitioner has "failed to show (1) a deprivation of any statutory right; or (2) prejudice as a result of any such deprivation." *Id.* Respondent relies on Petitioner's alleged non-compliance with the ATD program's required biometrics and self-report check-ins. *Id.* at 7. Respondent further argues that "ICE may, in the exercise of its discretion, revoke release at any time." *Id.* at 8. As stated above, the Court does not have jurisdiction to judicially review ICE's discretionary decisions to terminate ATD participation. However, the due process inquiry does not end there.

Respondent concedes that Petitioner can challenge the merits of this case before an immigration judge. *Id.* However, Respondent suggests that Petitioner is detained under § 1225(b)(2)(A), rather than § 1226(a). "[O]ther courts in this district that have found a petitioner who is released, enrolled in an ATD program, and later re-detained is subject

4

to detention under § 1226(a). *Id.* at \*2. This Court previously analyzed the statutory framework and determined that "§ 1225(b)(2) only applies to noncitizens 'seeking admission' and inspected while trying to enter the country, and not to noncitizens who have lived in the United States continuously for over two years," *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR, 2025 WL 2962908, at \*5-\*9 (D. Colo. Oct. 17, 2025), and joined the chorus of courts in this district and around the nation that have overwhelmingly rejected Respondents' position on the application of mandatory detention.[2] the Tenth Circuit has also spoken and articulated in great detail the reasons why noncitizens "in the country's interior," like Petitioner, are not subject to mandatory detention under § 1225(b)(2). *See generally, Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). The Tenth Circuit concluded that, "[b]ased on the statutory text and context . . . "§1225(b)(2)(A)'s application is limited to the border." *Id.* at \*8.

In this case, Petitioner was not re-detained at the border and, thus, should be

---

2 *Compare* ECF Nos. 1, 7 *and e.g.*, *Espinoza Ruiz v. Baltazar*, No. 1:25-cv-03642-CNS, 2025 WL 3294762 (D² Colo. Nov. 26, 2025); *Arauz v. Baltazar*, No. 1:25-cv-03260-CNS, 2025 WL 3041840 (D. Colo. Oct. 31, 2025); *Hernandez v. Baltazar, et al.*, No. 1:25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025); *Hernandez Vazquez v. Baltasar, et al.*, No. 1:25-cv-3049-GPG, ECF No. 22 (D. Colo. Oct. 23, 2025); *Loa Caballero v. Baltasar, et al.*, No. 1:25-cv-3120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025); *Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291, at \*1 (D. Colo. Oct. 20, 2025); *Mendoza Gutierrez v. Baltasar, et al.*, No. 1:25-cv-2720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025); *Garcia Cortes v. Noem*, No. 1:25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Carrillo Fernandez*, 2025 WL 3485800; *Garcia-Arauz v. Noem*, No. 2:25-cv-02117-RFB-EJY, 2025 WL 3470902 (D. Nev. Dec. 3, 2025); *Escobar Salgado v. Mattos*, No. 2:25-cv-01872-RFB-EJY, --- F. Supp. 3d ----, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); *Ramos v. Rokosky*, No. 25cv15892 (EP), 2025 WL 3063588 (D.N.J. Nov. 3, 2025); *Godinez-Lopez v. Ladwig*, 2025 WL 3047889 (W.D. Tenn. Oct. 31, 2025); *Jimenez v. FCI Berlin, Warden*, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); *Romero v. Hyde*, Civil Action No. 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 795 F.Supp.3d 475 (S.D.N.Y. Aug. 13, 2025).

detained under § 1226(a) and entitled a bond hearing. The Tenth Circuit has determined the appropriate relief for petitioners inappropriately detained under § 1225(b)(2)(A) is a bond hearing within seven days or release. *Santillan Quiroz*, 2026 WL 1876709, at *17 n.13. Pursuant to the Tenth Circuit's decision, Respondent is **ORDERED** to provide Petitioner a bond hearing no later than **July 30, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention. On or before **August 3, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

### IV. CONCLUSION

Accordingly, based on the Court's review of the filings and documents before the Court, pursuant to the Court's authority under 28 U.S.C. § 2241(c)(3), **IT IS HEREBY ORDERED THAT**:

1. The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED**;

2. Respondent is **ORDERED** to provide Petitioner a bond hearing no later than **July 30, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community

such that his physical custody is legally justified. If Respondent does not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be immediately released from detention;

3. On or before **August 3, 2026**, Respondent shall file a status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required; and

4. Petitioner's Motion for Expedited Review (ECF No. 2) is **DENIED AS MOOT**.

DATED July 23, 2026.

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge